Nicholson, C. J.,
delivered tbe opinion of the Court.
At the April Term, 1868, of this Court,, a decree was rendered in this cause, but the decree was not so drawn and entered of record as to carry out the directions contained in the opinion of the Court. Three notes had been executed for slaves purchased at a Chancery sale in 1861. The report of the sale was made out by the commissioner and filed, but no ac-, tion was taken on it until 1866, when a motion to confirm the sale was resisted by the purchasers on the ground that the slaves had been emancipated before any title was vested .in them, and asking that their *372 notes should be surrendered and cancelled, as no title could then be made. The Chancellor refused to confirm the sale, and ordered the notes to be surrendered and cancelled. The administrator of the estate appealed to this Court, and gave bond for costs. The recitals and the condition of the appeal bond do not describe by name all of the parties to the three notes, but they show with sufficient certainty that the decree was appealed from as to all the parties, and that the whole case was brought by the appeal into this Court.
By reference to the decree, it is apparent that all the parties to the notes, and in fact the whole case, was regarded by this Court as being before it. It appears also by the opinion of the Court, that the rights and liabilities of the parties to all three of the ■notes were considered and passed upon by the Court.
This Court, at its April Term, 1868, heard the cause, and held that the Chancellor was in error in refusing to confirm the sale, and in ordering the notes of the purchasers to be surrendered and cancelled; and thereupon declared that the decree of the Chancellor be reversed, and that a decree be entered in this Court according to the opinion so announced.
There can be no doubt as to the meaning of the opinion so delivered, and of the direction given as to the decree to be entered. It was distinctly determined, that the several purchasers of the slaves and their sureties were bound upon their notes, and that the decree should be entered on all three of the notes against the parties thereto respectively.
*373 But upon inspection of the decree entered, we find that but one of the notes is described, and judgment rendered against the parties to that note only — no allusion being made to the other two notes, or the parties thereto. It is obvious, that the decree was not drawn and entered in pursuance of the direction given in the opinion of the Court, and it is equally obvious that the omission to do so was the result of oversight or inadvertence in the preparation of the decree.
The question is, can the omission be now supplied and the mistake corrected?
By section 2877, “it is provided, the Circuit, Chancery and Supreme Courts, may at any time within twelve months after final judgment or decree, and while the cause is still in such Courts, amend any clerical error, mistake in the calculation of interest, or other mistake or omission in the judgment or decree, where there is sufficient matter apparent on the record, the papers in the cause, or entries of a presiding Judge to amend by.”
By section 2878, “every mistake apparent on the face of the record may be corrected by the Court at any time after final judgment, at the discretion of the Court.”
And by section 2879, “in all the foregoing cases, if the cause has been finally disposed of, and the parties are therefore not before the Court, the party seeking the correction shall give the adverse party ten days notice of his intention to move for a correction of the supposed mistake.”
By section 3932, the opinions of the Judges of *374 the Supreme Court are recognized as part of the record of the cause. The omission in the decree rendered at the April Term, 1868, is obvious, when the papers in the cause and the opinion of the Court are looked to. "We find sufficient on the face of the record to amend by, and to enable us to correct the mistake, and have entered now the decree which by mistake was omitted.
The motion is therefore allowed and a decree will be now entered in pursuance of the opinion of the Court at the April Term, 1868.