TAYLOR *v.* STATE.

(*Knoxville,* September Term, 1949.)

Opinion filed December 10, 1949.

LEON E. EASTERLY, of Greenville, for plaintiff in error.

NAT TIPTON, Asst. Atty. Gen., for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This case now comes to us on a motion of the State to correct the judgment finally rendered against Taylor by this Court on January 12, 1949.

Taylor was convicted ''of assault with intent to commit voluntary manslaughter'' in the Criminal Court of Greene County. He appealed. His conviction was affirmed by an opinion of this Court, filed December 11, 1948, in which it was said: ''All assignments of error are overruled and the judgment of the lower court is affirmed.''

Through error the Clerk of this Court in drawing the judgment against him entered the judgment that the plaintiff in error was guilty of the ''offense of voluntary manslaughter''.

Due notice of the motion (Code Section 8723) to amend has been given Taylor by the State. Through counsel he has answered this motion and objects to its correction because it ''is complete and regular upon its face'' and, therefore, cannot be changed.

We have examined the record in this case and find in the opinion of this Court that the ''judgment of the lower court is affirmed''. That judgment was that he is guilty ''of assault with intent to commit voluntary manslaughter.'' It thus appears on the face of the record that a mistake was made by the Clerk of this Court in entering the judgment. See *Polk* v. *Pledge,* 52 Tenn. 371.

Code Section 8722 provides that "every mistake apparent on the face of the record may be corrected by the court at any term after final judgment, at the discretion of the court."

By Code Section 9925, the opinions of the Justices of the Supreme Court are recognized as a part of the record of the case.

The motion of the State is therefore allowed and a judgment will now be entered that the plaintiff in error is guilty of the "offense of assault with intent to commit voluntary manslaughter as charged," and shall "undergo confinement in the State Penitentiary for a period of Five (5) years", and pay the costs of this cause.

All concur.